**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

ERIK HERNANDEZ MERCADO,

Petitioner,

v. Case No. 2:26-cv-03295 KWR-JFR

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE without a bond hearing. Petitioner asserts that his detention violates due process because he has medical issues. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Mexico and is detained by ICE at the Otero County Processing Center. On November 6, 2025, Petitioner was convicted of Conspiracy to Transport an Illegal Alien in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He received a sentence of 29 days' imprisonment or time served. Petitioner asserts he was taken into immigration custody on or about

July 24, 2026. Petitioner was ordered removed on September 30, 2026. It is unclear whether he has filed an appeal of the removal order at this time.

Petitioner's claims are unclear. It appears he asserts that his detention violates due process due to his medical issues, including an infected knee injury.

**DISCUSSION**

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c). Petitioner does not challenge his mandatory detention or his lack of a bond hearing. Nevertheless, the Court notes as follows. Respondents assert that Petitioner is mandatorily detained under § 1226(c)(1)(B) as he was convicted of an aggravated felony under 8 U.S.C. § 1324(a)(1)(A)(v)(I). Section 1226(c)(1)(B) requires the detention of a noncitizen who is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(iii). Section 1227(a)(2)(A)(iii) provides that "any alien who is convicted of an aggravated felony at any time after admission is deportable." An aggravated felony is defined to include "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter" 8 U.S.C § 1101(43)(N). Here, Petitioner was convicted of unlawfully transporting noncitizens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). In the plea agreement, he asserts he agreed to transport three noncitizens who he knew were in the United States unlawfully. Plea Agreement, *United States v. Hernandez-Mercado*, 2:25-cr-3329 RB (D.N.M.), doc. 19 at 6. He asserts he had been in contact with a known alien smuggler and agreed to transport them for private gain. *Id.* Therefore, the noncitizens he transported do not appear to be his family members. Thus, Petitioner was convicted of an aggravated felony.

Petitioner appears to assert that his detention violates due process due to his medical conditions. Petitioner challenges his conditions of confinement. Generally, petitioners cannot raise conditions of confinement claims in habeas cases. The basic purpose of a § 2241 habeas proceeding is to permit a person in custody to attack the legality of custody, and the "traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Therefore, a challenge to "the fact or duration of" confinement must be brought through a habeas corpus petition, while a challenge to the conditions of confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Thus, to raise a claim challenging his conditions of confinement or deliberate indifference to medical needs, Petitioner must file a civil rights action. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* ... not through federal habeas proceedings"). Petitioner asserts that his conditions of confinement merit his release. But even assuming his conditions of confinement claim could be brought in a habeas action, he has not demonstrated that his claim merits release rather than some other form of relief.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Court interprets Respondents' Motion to Dismiss (Doc. 7) as a response to the Petition. The Clerk's office shall terminate the motion.

_____________/S/________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE